1   DANIEL G. BOGDEN
    United States Attorney
2   District of Nevada
    KURT P. SCHULKE
3   Attorney in Charge
    ERIC JOHNSON
4   Senior Litigation Counsel
    KATHLEEN BLISS
5   Assistant United States Attorney
    Organized Crime Strike Force
6   Lloyd D. George United States Courthouse
    333 Las Vegas Boulevard South, Room 5037
7   Las Vegas, Nevada  89101
    Telephone: (702)388-6336
8   Facsimile: (702)388-6418
    Attorneys for the Government
9



**FILED**

DEC 19 2001

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ _____ DEPUTY

CV-S-01-1495-LDG-N.A

10              UNITED STATES DISTRICT COURT

11              FOR THE DISTRICT OF NEVADA

12                        -o0o-

13
    IN THE MATTER OF THE EMERGENCY APPLICATION
14  FOR AN ORDER COMPELLING ATX TECHNOLOGIES, INC.
    TO SHOW CAUSE WHY ATX TECHNOLOGIES, INC.,          CCA 171X, LDG
15  SHOULD NOT BE HELD IN CONTEMPT AND TO DIRECT
    ATX TECHNOLOGIES, INC. TO FORTHWITH COMPLY
16  WITH THE COURT'S ORDER OF DECEMBER 10, 2001

17          The United States of America respectfully requests that

18  the Court enter an Order compelling ATX Technologies, Inc. (ATX),

19  to show cause why it should not be held in contempt for refusing

20  to comply with this Court's order of December 10, 2001, and

21  directing ATX, to forthwith comply with the Court's order of

22  December 10, 2001. In support, the United States shows to the

23  Court as follows:

24          On October 22, 2001, this Court entered an order

25  allowing roving interceptions in a Mercedes Benz S430V, VIN

26  WDBNG70J51A85398.

1    On November 21, 2001, the United States sought and
2  obtained a redacted order, directing ATX Technologies, Inc., to,
3  inter alia, immediately and without delay furnish the FBI all
4  information, facilities and technical assistance necessary to
5  monitor oral communications as provided in the October 22, 2001,
6  order.

7    ATX was duly served with the redacted order by telefax
8  ATX, and on November 21, 2001, the FBI requested assistance as
9  provided in the order.  ATX complied without any protest or
10  delay.

11    On December 10, 2001, the United States sought and
12  obtained an extension of the Court's Order allowing the roving
13  interceptions.  A redacted order directing ATX to furnish FBI
14  forthwith information, facilities, and technical assistance
15  necessary to accomplish said order was signed by this Court.

16    On December 18, 2001, FBI requested the same assistance
17  from ATX; however, ATX refused.  Counsel for ATX orally asserted
18  that compliance with the Court's order was unduly burdensome,
19  without explaining its reasons or allowing the government to
20  accommodate any of its concerns.  Instead, counsel indicated that
21  is would be filing a motion to quash the Court's order or for
22  rehearing on December 19, 2001.

23    On December 19, 2001, the undersigned spoke by
24  telephone with Bennie (phonetic) Jones, who indicated that Jason
25  Kerr would serve as local counsel in serving the ATX motion.  No
26  motion was faxed.  As of 4 p.m., no motion has been faxed or

2

1  served on the government.

2       The United States advises this Court that time is of
3  the essence in resolving this issue.  This Court's order
4  terminates within 30 days.  Furthermore, this sealed case is a
5  highly sensitive criminal investigation.  As a result of ATX
6  unexplained actions, the government has lost at least one
7  investigative opportunity.

8       Furthermore, government counsel has been orally advised
9  by ATX's counsel that they are hiring local counsel (Jason Kerr)
10 in Las Vegas concerning their motion to quash or for rehearing.
11 The underlying investigation involves possible corruption matters
12 in Las Vegas, Nevada.  The government is extremely concerned that
13 ATX, through its technical resources, may determine the identity
14 of possible targets of this investigation and disseminate such
15 information through its associations.  Dissemination would
16 violate this Court's order and possibly jeopardize the
17 government's ongoing investigation.

18      Therefore, the United States respectfully requests that
19 this Court enter an Order compelling ATX Technologies, Inc.
20 (ATX), to show cause why it should not be held in contempt for
21 refusing to comply with this Court's order of December 10, 2001,
22 and directing ATX, to forthwith comply with the Court's order of
23 December 10, 2001.

24  . . .

25  . . .

26

3

1          The United States requests that the Court order a

2   hearing no later than Friday, December 21, 2001, at 10 a.m.

3          DATED this ___/9___ day of December 2001.

4                              Respectfully submitted,

5                              DANIEL G. BOGDEN
                               United States Attorney
6

7                              KATHLEEN BLISS
                               Assistant U.S. Attorney
8                              Organized Crime Strike Force

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**FILED**

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

1

2                    UNITED STATES DISTRICT COURT

3                     FOR THE DISTRICT OF NEVADA

4                              -oOo-

5   IN THE MATTER OF THE APPLICATION     )   CCA 171X, LDG
    OF THE UNITED STATES FOR AN ORDER    )
6   AUTHORIZING THE ROVING INTERCEPTION  )
    OF ORAL COMMUNICATIONS               )

7
        This matter comes before the Court upon application of the
8
9   United States of America for an order authorizing the Federal Bureau

10  of Investigation (FBI), pursuant to 18 U.S.C. § 2518(11)(a) and the

11  application authorized by the Acting Assistant Attorney General of

12  the Criminal Division of the United States Department of Justice, to

13  conduct the continued roving interception of oral communications of

14  certain individuals at locations that are impractical to specify.

15       The Court, having reviewed the application and having

16  found that it conforms in all respects to the requirements of Title

17  18, United States Code, sections 2516 and 2518, has signed an order

18  conforming to the provisions of Title 18, United States Code,

19  section 2518, authorizing the Federal Bureau of Investigation (FBI)

20  to accomplish the aforesaid interceptions.

21       It further appearing that the applicant has requested that

22  ATX Technologies, Inc. be directed to furnish the FBI forthwith

23  all information, facilities and technical assistance necessary to

24  accomplish these interceptions unobtrusively and with minimum

25  interference to the locations and service to be intercepted,

26       IT IS HEREBY ORDERED that ATX Technologies, Inc., a

    communication service provider as defined in section 2510(15) of

1   Title 18, United States Code, shall immediately and without delay

2   furnish the FBI all information, facilities and technical

3   assistance necessary to monitor oral communications in a Mercedes-

4   Benz S430V, VIN WDBNG70J51A185398, to accomplish the roving

5   interceptions unobtrusively and with minimum interference with the

6   service provided the person or persons whose communications are to

7   be intercepted, and to ensure an effective and secure installation

8   or access to electronic devices capable of the roving interception

9   of oral communications, the reasonable expenses for the furnishing

10  of such facilities or technical assistance by ATX Technologies,

11  Inc. to be compensated by the government.

12          IT IS FURTHER ORDERED that the furnishing of said

13  information, facilities, and technical assistance shall terminate

14  after thirty (30) days from the day this order is entered; and

15          IT IS FURTHER ORDERED that this Order is sealed, except

16  that copies of this Order may be served on ATX Technologies, Inc.,

17  and, accordingly, ATX Technologies, Inc., and any of their agents

18  and employees, shall not disclose or cause a disclosure of this

19  order, the request for assistance, or the existence of this

20  investigation, to any person other than those of their agents and

21  employees who require this information to accomplish the services

22  hereby ordered, unless and until otherwise ordered by this Court.

23  . . .

24  . . .

25  . . .

26  . . .

2

In particular, no such disclosure may be made to a service subscriber, vehicle owner or leasee or any interceptee or participant in the intercepted communications.

DATED this 10th day of December 2001.

LLOYD D. GEORGE

UNITED STATES DISTRICT JUDGE

12-10-01

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

Cynthia Jennings, Deputy

3