UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

-oOo-

IN THE MATTER OF THE EMERGENCY
APPLICATION FOR AN ORDER
COMPELLING ATX TECHNOLOGIES, INC.
TO SHOW CAUSE
WHY ATX TECHNOLOGIES, INC.,
SHOULD NOT BE HELD IN CONTEMPT
AND TO DIRECT
ATX TECHNOLOGIES, INC.
TO FORTHWITH COMPLY
WITH THE COURT'S ORDER OF DECEMBER 10, 2001

CCA 171, LDG
CV-S-01-1495-LDG-NA
(Draft Order Approved
By Both Parties)

**FILED**

· | 2001

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

SEALED ORDER

On this 31st of December 2001, the Court, having reviewed the United States' Application for an Order Compelling ATX Technologies, Inc., (ATX) to Show Cause why ATX Should not be held in Contemp and to Direct ATX to Forthwith Comply with the Court's Order of December 10, 2001; ATX's Motion to Reconsider and Motion to Quash or Alternatively, Motion to Modify the Court's Order; and ATX's Response to the United States of America's Motion to Compel and for Contempt; and having heard the testimony of ATX representative James Stovall and the arguments of counsel for the parties FINDS as follows:

On October 22, 2001, this Court entered an order allowing roving interceptions of the subject named in CCA 171, LDG.

On November 21, 2001, pursuant to the CCA 171 and the

1  Court's authority pursuant to 18 U.S.C. 2518(4), the United
2  States sought and obtained a redacted order, directing ATX
3  Technologies, Inc., to, <u>inter alia</u>, immediately and without delay
4  furnish the FBI all information, facilities and technical
5  assistance necessary to monitor oral communications as provided
6  in the October 22, 2001, order.
7       ATX was duly served with the redacted order by telefax
8  ATX, and on November 21, 2001, the FBI requested assistance as
9  provided in the order. ATX complied without any protest or
10 delay.
11      On December 10, 2001, the United States sought and
12 obtained an extension of the Court's Order CCA 171X, LDG,
13 allowing the continued roving interception of the subject named
14 in the order. A redacted order directing ATX to furnish FBI
15 forthwith information, facilities, and technical assistance
16 necessary to accomplish said order was signed by this Court and
17 served on ATX.
18      On December 18, 2001, FBI requested the same assistance
19 from ATX that had been requested and provided on November 21,
20 2001; however, ATX refused. Counsel for ATX asserted that
21 compliance with the Court's order was unduly burdensome.
22      At the hearing, ATX represented that it could not
23 guarantee a secure system to preclude the unauthorized
24 dissemination of sealed information to the subject of CCA 171,
25 LDG. The Court found that ATX should take all possible steps to
26 precluded the unauthorized dissemination of sealed information to

the subject of CCA 171, LDG, or unauthorized individuals. ATX also expressed concern that it would lose business if its clients or potential clients learned of law enforcement's potential use of its technology to intercept communications. ATX asserted that under such circumstances the court did not have the power to order it to assist the government. The Court disagreed. Moreover, the Court noted and ATX acknowledged that its involvement with law enforcement is pursuant only to a court order.

The Court further FINDS that ATX is a "telecommunications carrier" and "provider of wire or electronic communication service" within the scope of 18 U.S.C. § 2518(4) and § 2522.

The Court further FINDS that ATX has not shown this Court through its argument and testimony that it's compliance with the Court's Order of December 10, 2001, requiring ATX to furnish FBI forthwith all information, facilities and technical assistance necessary to accomplish the government's interceptions unobtrusively and with minimum interference to the locations and service to be intercepted, is overly or unreasonably burdensome. The Court rejects ATS's argument that its due process rights have been violated or that there has been a "taking." The Court recognizes that the government is required to compensate ATX for its reasonable expenses incurred in providing such facilities or assistance.

The Court further FINDS that ATX can reasonably provide

1  the requested assistance to the government pursuant to the
2  Court's Order of December 10, 2001, and that it had in the past
3  provided such assistance.
4        The Court further rejects ATX's argument that the value
5  of the information the FBI can obtain is very limited.  The Court
6  has determined that the government has established probable cause
7  and necessity for the Court's Order of December 10, 2001.
8        The Court further FINDS that any violation prior to
9  this date of this Court's order or of 18 U.S.C. § 2522 by ATX has
10 been purged by this hearing.
11       IT IS THEREFORE THE ORDER OF THIS COURT THAT ATX shall
12 comply forthwith with this Court's Order of December 10, 2001.
13       IT IS FURTHER ORDERED THAT  ATX must identify to its
14 counsel all persons who have had access to the Court's December
15 10, 2001, order or its contents, or who have knowledge about this
16 proceeding. ATX, through it counsel, must further advise all
17 persons with access or knowledge about these proceedings to
18 maintain such knowledge in a secure and confidential manner.
19       Dated this 21st day of December 2001

_____
THE HONORABLE LLOYD D. GEORGE
UNITED STATES DISTRICT JUDGE